**Bonnie L. PIAZZA, as Administratrix of the Estate of Troy W. Piazza a/k/a Troy Wayne Piazza and Bonnie L. Piazza as Administratrix of the Estate of Troy W. Piazza a/k/a Troy Wayne Piazza, for the benefit of herself and her minor children, Anthony Piazza and Jessie Piazza**

v.

**PENNSYLVANIA DEPARTMENT OF TRANSPORTATION and Township of Cecil.**

**Appeal of Bonnie L. Piazza.**

Commonwealth Court of Pennsylvania.

Argued Oct. 10, 2001.
Decided Nov. 2, 2001.

Barbara M. Wolvitz, Pittsburgh, for appellants.

J. Elsie Tourek, Pittsburgh, for appellees.

Before PELLEGRINI, J., FLAHERTY and RODGERS, Senior Judges.

RODGERS, Senior Judge.

Bonnie L. Piazza (Appellant) appeals from the order of the Court of Common Pleas of Washington County denying her motion for post-trial relief. We affirm.

On January 21, 1996, Troy W. Piazza (decedent) was travelling northbound on State Route 980, when he lost control of his car, which traveled off the west berm of the roadway and down an embankment. As the vehicle traveled down the embankment, it rolled over and struck several trees. Mr. Piazza died from injuries sustained in the accident.

On October 30, 1996, Appellant filed a complaint alleging in relevant part that the Department failed to properly control water run-off and drainage at the site of the accident, permitting an accumulation of ice that caused the decedent to lose control of his car. The complaint also alleged that the Department failed to install a guardrail in the vicinity which, had it been in place, would have prevented the decedent's car from travelling down the embankment.

In June of 2000, the Department filed a motion for partial summary judgment, seeking to preclude the introduction of any evidence regarding the Department's failure to erect a guardrail. The trial court granted the motion, relying on the Supreme Court's decision in *Dean v. Department of Transportation*, 561 Pa. 503, 751 A.2d 1130 (2000) (Nigro, J. and Newman, J. dissenting).

Following trial on the inadequate drainage claim, a jury found the Department negligent, but found that the Department's negligence was not a substantial contributing factor in the decedent's death. Appellant filed a motion for post-trial relief, asserting that the trial court erred in excluding evidence concerning the lack of a guardrail.[1] The trial court denied the mo-

---

1. Appellant did not appeal the jury's verdict that the Department's inadequate drainage

tion by order dated February 28, 2001, and this appeal followed.

In *Dean,* the Supreme Court held that the failure to erect a guardrail does not constitute a dangerous condition of Commonwealth realty and, therefore, is not encompassed by the real estate exception to sovereign immunity. Section 8522(b)(4) of the Judicial Code, 42 Pa.C.S. § 8522(b)(4).

The plaintiff in *Dean* was injured while a passenger in a car that fishtailed on a snow covered roadway and traveled over a steep embankment, where it overturned. The plaintiff alleged the Department was negligent in failing to shield the steep embankment with a guardrail and in failing to properly design, construct and maintain a safe highway.

The *Dean* court reviewed the real estate exception to sovereign immunity as applied in *Snyder v. Harmon,* 522 Pa. 424, 562 A.2d 307 (1989).[2] Applying the holding in *Snyder,* the *Dean* court held that the Commonwealth's failure to erect a guardrail on the highway is not encompassed by the real estate exception to sovereign immunity.

> Similar to the absence of lighting and the deceptive appearance of the shoulder of the road in *Snyder,* the absence of a guardrail cannot be said to be a dangerous condition of the road that resulted in a reasonably foreseeable injury to Appellee.[ ] Stated differently, the lack of a guardrail does not render the highway unsafe for the purposes for which it was intended, i.e., travel on the roadway. This being the case, it is irrelevant whether the guardrail is found to be a part of the state-owned highway.[ ] We simply find that the legislature did not intend to impose liability upon the government whenever a plaintiff alleged that his or her injuries could have been avoided or minimized, had the government installed a guardrail along side the roadway.

*Id.* at 511–12, 751 A.2d at 1134 (footnotes omitted).

Appellant asserts that the holding in *Dean* is limited to circumstances where the Department is not responsible for the defect of the property that caused the injury. Appellant argues that the facts of the present case are significantly distinguishable from the facts in *Dean,* because here the Department's negligence (inadequate drainage) actually caused the injury. Appellant contends that *Dean* is not controlling, because in this case the Department was legally responsible for the cause of the injury and failed to remediate the condition of the highway by appropriate maintenance or by installation of a guardrail.

---

was not a substantial contributing factor in the decedent's death.

**2.** In *Snyder,* the plaintiffs stopped their car on the berm of a state highway, which was adjacent to a strip mine. They exited the car, went up an embankment leading to the mine and fell into it. The plaintiffs alleged that the Department negligently permitted a dangerous condition to exist within its right-of-way and negligently failed to warn motorists of the dangerous condition either by lighting or erecting physical barriers/guardrails along the right-of-way. The *Snyder* court held that the real estate exception applies only where an artificial condition or defect of the land itself causes an injury to occur. The *Snyder* court noted that the strip mine highwall was some distance from the Commonwealth's right-of-way. The court then concluded that, because "the absence of lighting so as to create a deceptive appearance of the shoulder of the road cannot be said to be either an artificial condition or a defect of the land itself," the real estate exception to sovereign immunity did not apply. *Id.* at 312. After so holding, the *Snyder* court determined that the issue of duty was moot.

However, the decision in *Dean* reflects that facts concerning causation are not relevant to our analysis. After acknowledging that the issue of whether a dangerous condition exists is a question of fact for a jury to resolve, the *Dean* court precluded that question from reaching a jury. The court stated that the issue before it was "not whether a dangerous condition in fact existed, but whether [the Department] would be liable for it under the real estate exception to sovereign immunity." *Id.* at 512, 751 A.2d at 1135. Because the *Dean* court expressly determined that the real estate exception does not apply to the failure to install a guardrail, the trial court did not err in excluding Appellant's evidence concerning that issue.

Accordingly, we affirm.

### ORDER

AND NOW, *November 2, 2001*, the order of the Court of Common Pleas of Washington County in the above-captioned case is hereby affirmed.